HAEBLER *et al. v.* BERNHARTH *et al.*

*(Superior Court of New York City, General Term.* April 1, 1889.)

ATTACHMENT—AFFIDAVIT—CONCLUSIONS.

An affidavit is insufficient to authorize an attachment which, with reference to the cause of action, simply alleges that there has been a breach of warranty of the quality of goods sold by the defendant to the plaintiff, and that, by reason of such breach, the plaintiff has sustained damages to a certain amount, but which does not set out any facts showing that plaintiff has sustained more than nominal damages.

Appeal from special term.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Marshal P. Stafford,* for appellants. *Billings & Cardozo,* for respondents.

DUGRO, J. This is an appeal from an order vacating a warrant of attachment. The motion to vacate was made upon an affidavit on which the warrant was granted. The plaintiffs claim that the complaint was also one of the papers presented on the application for the attachment. The complaint, after alleging the plaintiffs' copartnership, and that of defendants, reads: "(3) That between, on, or about the 30th day of January and the 4th day of February, 1888, the plaintiffs bought of the defendants one thousand bags of beans, to be shipped from France, and on or about the 22d day of March, 1888, the plaintiffs paid the defendants the price agreed therefor. (4) That the defendants warranted and guarantied that said beans should be of a kind and quality equal to the sample furnished to plaintiffs by defendants at the time of said purchase. (5) That the beans delivered to the plaintiffs by the defendants under said contract were not of a kind and quality equal to said sample, but were greatly inferior thereto. (6) That by reason of the breach of warranty by the defendants, as aforesaid, the plaintiffs were damaged in the sum of $1,064.51: Wherefore the plaintiffs demand judgment against the defendants in the sum of $1,064.51 besides costs of this action." The affidavit is as follows: "*City and County of New York—ss.:* Theodore Haebler, being duly sworn, says that he is one of the plaintiffs named in the above-entitled action, which has been brought to recover the sum of one thousand sixty-four 51-100 dollars, as damages suffered by the plaintiffs by reason of a breach of warranty by the defendants as to the kind and quality of one thousand bags of beans purchased and paid for by the plaintiffs, to be shipped by the defendants from Havre, France, under said warranty. That the defendants are not residents of this state, but reside at Havre, France. That the plaintiffs are entitled to recover from the defendants the sum of one thousand sixty-four 51-100 dollars over and above all counter-claims known to deponent."

Assuming that the complaint formed part of the papers used to obtain the warrant of attachment, I cannot see how the plaintiff has shown that one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendants. The showing which the plaintiff is required to make by section 636, is a showing by legal proof. The judge has no right to be satisfied by less. Section 683 by the words "new proof by affidavit on the part of the plaintiff" is convincing upon this point. The proof required should be by affidavit stating facts, not conclusions. The verified complaint, if regarded as an affidavit, must nevertheless comply with the requirements of other affidavits as to the manner of stating the facts. No fact is stated in any of the papers which could fairly be considered as proof that the plaintiffs have, assuming a cause of action to be stated, sustained more than nominal damages, and such damages would not sustain the attachment. It appears upon the face of the affidavits that by reason of defendants' breach of warranty plaintiffs have been damaged in the sum of $1,064.51, but this is not a showing of the fact by proof: this is simply an allegation of the fact which is probably based upon the affiant's conclusions; if the grounds of the conclusions

appeared in the affidavits there might have been a showing by proof. The plaintiffs' statement would as well have warranted a claim of $5,000 as one of $1,064.51. The facts and the affidavit should appear to sustain the claim made upon them before the plaintiff can be entitled to an attachment. In *Smith* v. *Davis*, 29 Hun, 308, it is held that a plain case must be made out by reasonable and satisfactory proof, and that where it is not it follows that the attachment must be set aside. I think that the order of the special term should be affirmed, with $10 costs and disbursements. All concur.